UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>Plaintiff,<br><br>vs.<br><br>AGA MEDICAL CORPORATION,<br><br>Defendant. | Civil Action No. _____<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Regents of the University of Minnesota, for its Complaint against Defendant AGA Medical Corporation, states and alleges as follows:

**PARTIES**

1. Plaintiff, Regents of the University of Minnesota ("the University"), is an institution of higher learning and a constitutional corporation with its principal place of business at 202 Morrill Hall, 100 Church Street S.E., Minneapolis, Minnesota 55455.

2. Upon information and belief, Defendant AGA Medical Corporation ("AGA" or "Defendant") is a Delaware corporation with its principal place of business at 5050 Nathan Lane North, Plymouth, Minnesota 55442.

**JURISDICTION AND VENUE**

3. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338, in that this action arises under the patent laws of the United States (35 U.S.C. § 1 et seq.).

4. This Court has personal jurisdiction over Defendant, pursuant to Minn. Stat. § 543.19, in that the Defendant has made, sold, used, and offered for sale in this state and elsewhere infringing products and thereby has done injury to the University in Minnesota through such infringing activities. Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as Defendant is subject to personal jurisdiction, does business, and has committed acts of infringement in this District.

## COUNT I:  PATENT INFRINGEMENT ('291 PATENT)

5. Plaintiff restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

6. On June 20, 2000, United States Patent No. 6,077,291, entitled "Septal Defect Closure Device" (hereinafter "the '291 Patent") was duly and legally issued to the named inventor, Dr. Gladwin S. Das ("Dr. Das"), and has been assigned in writing by Dr. Das to the University as the assignee of Dr. Das, by agreement with the University. A true and correct copy of the '291 Patent is attached hereto and made part hereof as Exhibit A.

7. The University is the owner of the '291 Patent and is authorized and has standing to bring legal action to enforce all rights arising under the '291 Patent.

8. The '291 Patent, generally covers, in part, the invention of a septal occluder device intended to treat defects in the human heart. In addition to the originally-issued 32 claims of the '291 Patent, additional claims are pending and expected to issue from the United States Patent and Trademark Office.

9. Upon information and belief, Defendant has made and sold infringing occluder products in the United States since at least December, 2001. Without limiting the scope of the

alleged infringement, specific examples of accused occluder products made and/or sold by AGA in the United States are the "AMPLATZER" occluder devices.

10. Upon information and belief, Defendant's "AMPLATZER" occluder devices and other septal occluder products infringe one or more of the claims of the '291 Patent, in violation of 35 U.S.C. § 271, to the damage and injury of the University.

11. AGA knew of the '291 Patent at least as early as November 2002 through communications with the University, and yet AGA has, on information and belief, continued to willfully infringe with deliberate disregard for the rights of the University in the '291 Patent.

12. As a result of Defendant's infringement of the claims of the '291 Patent, Defendant has made and will continue to make unlawful gains and profits from its sale of its infringing septal occluder products. Further, due to the unlawful infringement by Defendant, the University has been and will continue to be irreparably damaged and deprived of its rights secured by the '291 Patent.

13. The University has been and will continue to be deprived of revenues to which it would otherwise have been entitled but for such infringement, and Defendant has caused and will continue to cause losses and damages that cannot be readily determined, as well as irreparable losses.

14. In addition to monetary remedies, the University is entitled to preliminary and permanent injunctive relief, enjoining Defendant from further and continuing infringement of the claims of the '291 Patent.

## COUNT II: PATENT INFRINGEMENT ('281 PATENT)

15. Plaintiff restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 14, above.

16. On June 20, 2000, United States Patent No. 6,077,281, entitled "Septal Defect Closure Device" (hereinafter "the '281 Patent") was duly and legally issued to the named inventor, Dr. Das, and has been assigned in writing by Dr. Das to the University as the assignee of Dr. Das, by agreement with the University. A true and correct copy of the '281 Patent is attached hereto and made part hereof as Exhibit B.

17. The University is the owner of the '281 Patent and is authorized and has standing to bring legal action to enforce all rights arising under the '281 Patent.

18. The '281 Patent generally covers, in part, the invention of a septal occluder device intended to treat defects in the human heart.

19. Upon information and belief, Defendant has made and sold infringing septal occluder products in the United States since at least December, 2001. Without limiting the scope of the alleged infringement, specific examples of accused occluder products made and/or sold by AGA in the United States are the "AMPLATZER" occluder devices.

20. Upon information and belief, Defendant's "AMPLATZER" occluder devices and other septal occluder products infringe one or more of the claims of the '281 Patent, in violation of 35 U.S.C. § 271, to the damage and injury of the University.

21. AGA knew of the '281 Patent at least as early as November 2002 through communications with the University, and yet AGA has, on information and belief, continued to willfully infringe with deliberate disregard for the rights of the University in the '281 Patent.

22. As a result of Defendant's infringement of the claims of the '281 Patent, Defendant has made and will continue to make unlawful gains and profits from its sale of its infringing septal occluder products. Further, due to the unlawful infringement by Defendant, the University has been and will continue to be irreparably damaged and deprived of its rights secured by the '281 Patent.

23. The University has been and will continue to be deprived of revenues to which it would otherwise been entitled to but for such infringement, and Defendant has caused and will continue to cause losses and damages that cannot be readily determined, as well as irreparable losses.

24. In addition to monetary remedies, the University is entitled to preliminary and permanent injunctive relief, enjoining Defendant from further and continuing infringement of the claims of the '281 Patent.

## JURY DEMAND

25. Pursuant to Fed. R. Civ. P. 38(b), the University requests trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Regents of the University of Minnesota prays for relief as follows:

A. A judgment that, by making, using, selling, offering to sell, exporting, importing, or otherwise acting in violation of 35 U.S.C. § 271 in regard to its septal occluders, Defendant has infringed, induced infringement, and/or contributed to the infringement of the University's rights under the '291 Patent and the '281 Patent;

B. A judgment in the University's favor preliminarily and permanently enjoining and restraining Defendant and any subsidiaries, parents, officers, directors, agents, employees, affiliates, and all others in active concert with the Defendant from infringing, infringing by inducement, and/or contributing to the infringement of the '291 Patent and the '281 Patent, by sales of Defendant's infringing septal occluders;

C. A judgment awarding the University damages adequate to compensate for Defendant's patent infringement, including damages at least in the form of a reasonable royalty, resulting from Defendant's sales of the infringing septal occluders and any other various acts of infringement related thereto;

D. A judgment awarding treble damages to the University for AGA's willful infringement of the '291 Patent and the '281 Patent;

E. A judgment awarding pre-judgment and post-judgment interest on the University's monetary damages as allowed by law;

F. A judgment awarding to the University its costs and disbursements incurred in prosecuting this action, and further finding and declaring this to be an exceptional case based on Defendant's conduct, entitling the University to all remedies under the patent laws, including those set forth in 35 U.S.C. § 285, and awarding to the University all other damages otherwise available according to law; and

G. Such other relief to the University as the Court may deem just, equitable, and proper.

**PLAINTIFF REGENTS OF THE
UNIVERSITY OF MINNESOTA**

Dated: November 30, 2007.

By: ___s/ Kevin D. Conneely___
    Kevin D. Conneely (MN Bar No. 192703)
    David D. Axtell (MN Bar No. 314596)

LEONARD, STREET & DEINARD
Professional Association
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657


MARK B. ROTENBERG
General Counsel
University of Minnesota

By: ___s/ Tracy M. Smith___
    Tracy M. Smith (MN Bar No. 19718X)

Associate General Counsel
360 McNamara Alumni Center
200 Oak Street S.E.
Minneapolis, MN 55455-2006
Tel: (612) 624-4100
Fax: (612) 626-9475

**COUNSEL FOR PLAINTIFF REGENTS
OF THE UNIVERSITY OF MINNESOTA**