UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>AGA MEDICAL CORPORATION,<br><br>Defendant. | Case No. 07-CV-4732 (PJS/RLE)<br><br>ORDER |

Kevin D. Conneely, David D. Axtell, and Ruth Rivard, LEONARD, STREET AND DEINARD, PA; Mark B. Rotenberg and Tracy M. Smith, UNIVERSITY OF MINNESOTA, OFFICE OF THE GENERAL COUNSEL, for plaintiff.

R.J. Zayed, Alan G. Carlson, J. Derek Vandenburgh, and Tara C. Norgard, CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A., for defendant.

This matter is before the Court on the motion of defendant AGA Medical Corporation ("AGA") for partial summary judgment [Docket No. 13].  The Court held a hearing on the motion on April 16, 2008.  For the reasons given on the record at the hearing and the reasons provided below, the Court grants in part and denies in part AGA's motion.

Plaintiff Regents of the University of Minnesota ("the University") brings suit against AGA for infringement of two patents held by the University, U.S. Patent No. 6,077,291 (the '291 patent) and U.S. Patent No. 6,077,281 (the '281 patent).  Both patents cover medical devices for repairing heart defects.  The motion before the Court involves only the '291 patent and an application for reissuance of that patent, Reissue Application No. 10/175,669 (the '699 reissue application), which is pending before the U.S. Patent and Trademark Office ("PTO").

The key facts are undisputed. The '291 patent issued on June 20, 2000. The University failed to timely pay statutorily required maintenance fees, and thus the '291 patent expired on June 20, 2004. As of today, the '291 patent remains expired. Because one cannot infringe an expired patent, if this case went to trial tomorrow, the Court would have to direct a verdict in favor of AGA with respect to any claims for allegedly infringing activities after June 20, 2004 (i.e., on or after June 21, 2004). AGA therefore asks the Court for summary judgment that the '291 patent is expired and that AGA cannot be held liable in damages for, or enjoined from, infringing the '291 patent after June 20, 2004.

The University, however, hopes to resuscitate the '291 patent, and recently petitioned the PTO to reinstate the patent despite the University's failure to timely pay the required maintenance fees. Under 35 U.S.C. § 41(c)(1), the PTO has the authority to accept a late maintenance-fee payment at any time "if the delay [in payment] is shown to the satisfaction of the Director to have been unavoidable." 35 U.S.C. § 41(c)(1). The University hopes to establish that its failure to pay the '291 patent's maintenance fee on time — a failure that apparently resulted from a data-entry error — was "unavoidable" within the meaning of 35 U.S.C. § 41(c)(1). If the PTO agrees with the University, the PTO will reinstate the '291 patent, and the University may be able to recover damages for infringing activity after June 20, 2004.[1]

The University asks the Court to deny AGA's motion because the PTO might grant the University's petition to reinstate the '291 patent. AGA counters that the Court's ruling should

---

[1] If AGA shows that it acted in reliance on the fact that the '291 patent was expired, the University may be unable to collect damages for actions taken by AGA after the patent expired and before it was reinstated. But this detail, which depends on facts that have not been established, is not important to AGA's current motion.

be based on the facts as they exist now, when AGA's motion is before the Court.  The Court agrees with AGA.  The fact that the PTO might grant the University's petition and reinstate the '291 patent does not change the undisputed fact that as of today, that patent is expired, and it expired on June 20, 2004.

The Court will not, however, express any opinion about the merits of the University's petition to the PTO for reinstatement of the '291 patent.  As 35 U.S.C. § 41(c)(1) makes clear, it is up to the PTO to decide in the first instance whether to excuse a patentee's late payment of a maintenance fee.  35 U.S.C. § 41(c)(1) ("*The Director* may accept payment of any maintenance fee . . . .") (emphasis added).  If the PTO decides, during the course of this litigation, to grant the University's petition, that decision could be a basis for a motion by the University to vacate this order.  For although this order finding that the '291 patent expired on June 20, 2004, will establish the law of the case, the law-of-the-case doctrine is not inflexible.  *See* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 667 (2d ed. 2002) ("Although courts are eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish.").  In particular, new evidence or an intervening change in the law can justify a court's reconsideration of an earlier ruling.  *See id.* at 670-72.  But the burden in this case will be on the University to establish, if the PTO grants its petition to reinstate the '291 patent, that the Court should revisit its holding that the '291 patent is expired.

Although the Court holds that the '291 patent is expired, the Court disagrees with AGA about the consequences of that holding with respect to the '699 reissue application.  AGA asks

this Court to hold that the '699 reissue application is terminated (and, accordingly, that the PTO cannot reissue the '291 patent's claims under the '699 reissue application).

But the '699 reissue application is not part of this case. No patent has issued from that reissue application, and the University's complaint alleges infringement of the '291 and '281 patents only. Although paragraph 8 of the complaint asserts that "additional claims are pending and expected to issue" with respect to the '291 patent — presumably this is a reference to the '699 reissue application — this statement is not sufficient to make a not-yet-issued patent that might (or might not) result from a pending reissue application part of the case or controversy before the Court. If the PTO grants the '699 reissue application and a patent issues from that application, the University would have to move to amend its complaint to bring any claims based on that newly issued patent. Only when that happens — if it happens — will issues related to the '699 reissue application be properly before the Court.

The Court therefore will not issue what would be, in effect, an advisory opinion on what the PTO should do with respect to the '699 reissue application. As noted above, the PTO must decide in the first instance whether to grant the University's petition to reinstate the '291 patent, and the PTO must also decide what effect its decision will have with respect to the '699 reissue application. Although the Court finds, based on the undisputed evidence, that the '291 patent is currently expired, the Court expresses no opinion about the issues currently pending before the PTO.

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant AGA Medical Corporation's motion for partial summary judgment [Docket No. 13] is GRANTED IN PART as follows:

    a. The Court DECLARES that U.S. Patent No. 6,077,291 expired on June 20, 2004.

    b. The Court DECLARES that U.S. Patent No. 6,077,291 is unenforceable with respect to any allegedly infringing activities by defendant AGA Medical Corporation that took place on or after June 21, 2004.

2. Defendant AGA Medical Corporation's motion for partial summary judgment [Docket No. 13] is DENIED in all other respects.

Dated: April 18 , 2008                              s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge